**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| BRENDA D. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CIVIL ACTION NO. 3:08-CV-608-TFM** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Following administrative denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*., Brenda D. Williams ("Williams") received a hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision.   When the Appeals Council rejected review,  the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").  Judicial review proceeds pursuant to 42 U.S.C. §§  405(g) , 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained,  the court AFFIRMS THE COMMISSIONER'S decision.

### I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.     The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11ᵗʰ Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the

correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999),

citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than

merely create a suspicion of the existence of a fact, and must include such relevant evidence

as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*,

67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th

Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court

will affirm, even if the court would have reached a contrary result as finder of fact, and even

if the court finds that the evidence preponderates against the Commissioner's decision.

*Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The district court must view

the evidence as a whole, taking into account evidence favorable as well as unfavorable to the

decision.  *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the

decision applies incorrect law, or if the decision fails to provide the district court with

sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton

v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Williams, age 42 at the time of the hearing, has earned her GED.[1]  She has not

---

[1]R. at 277-78; 61.

engaged in substantial gainful work activity since the alleged onset date of March 22, 2005.
Williams claims she is unable to work because of diabetic neuropathy and back trouble.[2] The
ALJ found Williams is severely impaired by diabetes (polyneuropathy), low back pain
(spondylosis), obesity, hypertension, and cellulitis, but does not have any impairment or
combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R.
Part 404, Subpart P, Appendix 1.[3]

Williams testified that she did not check her blood sugar the day of the hearing
because she did not have the equipment to do so, but that she was prescribed two separate
medicines for her diabetes.[4]  Her past jobs were nursing assistant, housekeeper, and
construction cleanup.[5] Williams's blood pressure is high despite taking medication.  She also
takes medication for cholesterol, nerve neuropathy, and pain.[6]  She testified the right side of
her body was in pain from arthritis, and that her doctor, Janice Hooks, M.D., gave her a cane
to use in case her knees give out.[7]  The record shows Dr. Hooks did not prescribe a cane, but
recommended Williams use crutches on a temporary basis.[8] Williams has undergone surgery

---

[2]R. at 57.

[3]R. at 17.

[4]R. at 278.

[5]R. at 281-82, 285.

[6]R. at 283.

[7]R. at 284.

[8]R. at 80.

to debreed wounds on her buttocks which were caused by cellulitis, a condition she stated was resolved.[9]  The pain on the right side of her body was rated at seven to eight out of ten on an average day.  The pain causes her to lay down for three to four hours at a time, and prevents her from sleeping.[10]  Williams estimates she can walk half a block and can lift a gallon of milk with her left hand only.[11]  She is always uncomfortable sitting.[12]  Williams's husband is also disabled and he helps her around the house.[13]

Dr. James Colley performed a consulting examination of Williams.  Williams's husband provided most of the medical history because Williams kept her eyes closed, made very little eye contact, and whispered in a voice Dr. Colley found difficult to understand.  Mr. Williams told Dr. Colley that Williams was noncompliant with her diabetic diet, was depressed, and "didn't do very much."[14]  Williams attributed her depressed mood to her frequent back pain.[15]  In addition to informing Dr. Colley about her history of abscesses on her buttocks, Williams showed him a tender abscess on her scalp.[16]  Dr. Colley's other

---

[9]R. at 286.

[10]R. at 287-88.

[11]R. at 288, 289.

[12]R. at 289.

[13]R. at 291.

[14]R. at 191, 197-98.

[15]R. at 192.

[16]R. at 192.

observations on exam were diffuse tenderness of the lubosacral spine with mild paravertebral muscle spasms; a positive right straight leg raise; no effusions, deformities or trigger point tender areas; and mild pain on range of motion of her elbows, shoulders, hips, and ankles.[17] He diagnosed poorly controlled insulin-dependent diabetes; chronic staph aureus infections with abscess on the midscalp; degenerative disk disease of the lumbosacral spine with right radiculopathy, diabetic neuropathies of the lower extremities, severe/major depressive disorder; obesity; hypertension; hyperlipidemia; and mild osteoarthritis of the knees.[18]  Dr. Colley also noted Williams's use of a cane for balance but stated it was difficult to know whether it was prescribed or not.

Dr. Colley's report included a residual functional capacity (RFC) assessment of Williams's ability to work.  Dr. Colley opines that Williams could stand or walk 4 to 6 hours in an eight-hour day, due to generalized weakness from poorly controlled diabetes and degenerative disk disease of the lumbosacral spine.  Dr. Colley also found Williams could sit 6 hours with routine breaks, could lift or carry 10 pounds occasionally and 5 pounds frequently, occasionally bend and stoop, and partially crouch.[19]  A state agency reviewer based a second RFC opinion on Dr. Colley's report.[20]  It opined Williams could occasionally lift 20 pounds and frequently lift 10 pounds; could stand/walk about 6 hours; and sit about

---

[17]R. at 196-97.

[18]R. at 197.

[19]R. at 198.

[20]R. at 215-22.

6 hours.  It stated Williams must avoid ladders, ropes, or scaffolds, and could occasionally climb stairs, kneel, crouch or crawl.[21]  This RFC also concluded Williams could never be exposed to dangerous machinery or unprotected heights.[22]

The ALJ found that Williams's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible after his consideration of the medical evidence of record.[23]  Williams's noncompliance with diet and exercise were also factors in the ALJ's decision, as well as the absence of any medical opinion that she had exertional limitations which prevented her from working.[24]  The ALJ decided Williams could not perform her past work, but is able to perform sedentary to light work.[25]  Next, the ALJ relied on the Medical-Vocational Guidelines at 20 C.F.R. Part 404, Subpart P, Appendix 2 to determine Williams is not disabled and jobs exist in the national economy with her RFC.[26]  The ALJ also considered whether the non-exertional limitations affected the finding of non-disability, and, after citing Social Security Rulings 83-12 and 83-14, concluded they did not.[27]  The finding regarding Williams's ability to perform sedentary to light work rendered

---

[21]R. at 21; 216-17.

[22]R. at 219.

[23]R. at 19.

[24]R. at 21.

[25]R. at 21.

[26]R. at 21.

[27]R. at 22.

her ineligible for disability benefits under the Act.[28]

## III.  ISSUES

Williams raises two specific issues for judicial review:

1.      Whether the ALJ's decision regarding Williams's RFC is supported by substantial evidence.

2.      Whether the ALJ met his burden of showing existing jobs in the national economy could be performed by someone with Williams's RFC.

## IV.  DISCUSSION

**1.  The ALJ's RFC determination is supported by substantial evidence.**

Williams argues the ALJ's RFC finding is not supported by substantial evidence.  The Commissioner responds the ALJ determination was appropriately based upon the conclusions of the consulting and reviewing medical opinions of Williams's RFC.

Williams's brief focuses on her inability to perform light work, but she does not challenge the finding that she is able to perform sedentary work.  Thus, even if the ALJ erred by finding her capable of light work, she has not demonstrated an inability to perform sedentary work, and therefore has not shown that the alleged ALJ error constitutes grounds for reversal. Williams argues "[T]he examiner's restrictions clearly rule out a capability to perform light level work."[29]  This refers to the restrictions noted by Dr. Colley, who found Williams could stand or walk 4 to 6 hours in an eight-hour day; could sit 6 hours with routine breaks; could lift or carry 10 pounds occasionally and 5 pounds frequently; occasionally

---

[28]R. at 17-18.

[29]Pl. Br. at 7.

bend, stoop, and partially crouch.  Dr. Colley's report show he wondered whether Williams's single-point cane was prescribed or not.[30]

The second RFC assessment prepared by the state agency medical examiner differed from Dr. Colley's in one major respect - it opined Williams could occasionally lift 20 pounds and frequently lift 10 pounds.  Otherwise, it concludes Williams could stand/walk about 6 hours, and sit about 6 hours.  It stated Williams must avoid ladders, ropes, or scaffolds, and could occasionally climb stairs, kneel, crouch or crawl.[31]  This RFC also concluded Williams could never be exposed to dangerous machinery or unprotected heights.[32]  Dr.Colley's findings were considered by the state agency examiner, who found Dr. Colley's conclusions were not totally supported by the objective findings.[33]  The ALJ also noted that "no treating and/or examining physician has ever imposed any restrictions on [Williams] in regards to her exertional capabilities."[34]

The ALJ found Williams "is limited to performing sedentary to light work and accordingly would be unable to perform any of her past relevant work."[35]  Sedentary work includes "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles

---

[30]R. at 20, 108.

[31]R. at 21; 216-17.

[32]R. at 219.

[33]R. at 221.

[34]R. at 21.

[35]R. at 21.

like docket files, ledgers, and small tools. . . . Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. § 404.1567(a).  Light work involves lifting no more than 20 pounds at a time and frequently lifting objects weighing up to 10 pounds, as well as a good deal of walking or standing, or sitting with some pushing and pulling of arm or leg controls.  20 C.F.R. § 404.1567(b).  *See Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987).  The regulations also provide "[I]f someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. § 404.1567(b).

The ALJ's RFC conclusion combines the very similar ranges of ability from both RFC opinions.  His finding that Williams can perform up to light level work is supported by his explanation that the record shows she has "often been non-compliant with her diet, medications, and exercise program," has an MRI with only mild facet joint arthrosis with no disc bulges or focal disc protrusions, and her buttocks abscesses were resolved.[36]  The ALJ decision provided further support for the sedentary to light RFC in light of the ALJ's finding that Williams's testimony and statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible.  Further, the record shows that Williams gave false testimony concerning Dr. Hooks's prescription of a cane for walking.[37]  "The decision concerning the plaintiff's credibility is a function solely within the control of the

---

[36]R. at 21.

[37]R. at 80, 284.

Commissioner and not the courts." *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1213 (M.D. Ala. 2002). Given the ALJ's credibility finding, this issue does not present a reversible error.

### 2. The ALJ did not err by relying on the Medical-Vocational Guidelines to determine Williams is capable of work.

Williams argues the ALJ did not meet his burden of showing that jobs suitable to her RFC existed in the national economy. The Commissioner responds the ALJ was permitted to rely on the Medical-Vocational Guidelines to meet this burden in Williams's case.

The Eleventh Circuit considered the exact issue raised by Williams in *Phillips v. Barnhart,* 357 F.3d 1232 (11th Cir. 2004). Where a claimant is unable to perform past work, the final stage of the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 requires an ALJ to consider a claimant's "RFC, age, education, and work experience to determine whether the claimant 'can make an adjustment to other work.'" If the occupations deemed possible are available in significant numbers in the national economy, the claimant is not disabled. 357 F.3d at 1239. *Phillips* continued to explain that there are "two avenues by which the ALJ may determine whether the claimant has the ability to adjust to other work in the national economy - the Medical Vocational Guidelines ("Grids"), or through a vocational expert ("VE"). *Id.* at 1239-40. "However, 'exclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly

limit basic work skills.'" *Id.* at 1242 (emphasis in original).[38]  Where "*either* condition exists, the ALJ was required to consult a vocational expert."  *Id.*

In this case, the ALJ assessed whether Williams's non-exertional impairments would have an effect on the occupational base of unskilled light work.  Social Security Rulings (SSR) 83-14 and 85-15 were referenced as authority for a finding of "not disabled" in Williams's case because the impairments had little or no effect on the occupational base of unskilled light work.[39]  Had the ALJ failed to make such a finding, a remand would be appropriate.  *See Phillips*, *id.* at 1243.  The ALJ found Williams was able to perform a wide range of light work, and was not required to consult a vocational expert.

Williams's brief concludes with general complaints about having her hearing conducted by an administrative law judge who is not from Alabama, and requests remand to send a message to the Commissioner against this practice.  There is no specific complaint which relates to the issues raised in her brief, and are not before the Court for resolution.  *See* Doc. 4, ¶ 7 (directing the plaintiff to "state in a concise, specific matter each issue which the plaintiff presents to the court for resolution.").

Williams has not shown any basis for remand or reversal of her case, and the decision of the ALJ is AFFIRMED.

───────────────

[38]*Phillips* provides a full explanation of the distinctions between exertional limitations, or those which affect an individual's ability to meet the seven strength demands of a job, and nonexertional limitations which arise from other factors which impact the ability to work, such as mental or pain limitations.  *See Phillips*, 357 F.3d at 1242, n.11.

[39]R. at 22.

Done this 31st day of March, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE